# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELDRICK TAYLOR, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | CIVIL ACTION |
| : | |
| COMMONWEALTH OF : | NO. 17-1505 |
| PENNSYLVANIA, et al., : | |
| : | |
| Respondents. : | |

## ORDER

**AND NOW**, this __17th__ day of December, 2018, upon careful consideration of the Petition for Writ of Habeas Corpus (Doc. 1), Respondents' Response in Opposition thereto (Doc. 17), the Report and Recommendation of the United States Magistrate Judge Thomas J. Rueter (Doc. 18), and Petitioner's Response to the Report and Recommendation Notice (Doc. 22),[1] **IT IS HEREBY ORDERED AND DECREED** that:

1. The Report and Recommendation (Doc. 17) is **APPROVED** and **ADOPTED**;

2. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**; and

3. There is no basis for the issuance of a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark this case as **CLOSED** for statistical purposes.

    **BY THE COURT:**

    **/s/ Petrese B. Tucker**

    _____
    **Hon. Petrese B. Tucker, U.S.D.J.**

---

[1] In his Response to the Report and Recommendation, Petitioner reiterates many of his arguments set forth in his Petition for Writ of Habeas Corpus. In particular, Petitioner argues that his claims are not untimely because he is entitled to equitable tolling for a period of time in

which he was mentally incapacitated by "psychic medication." Pet.'s Resp., Doc. 22. Petitioner had been taking this "psychic medication" to treat injuries he sustained after he was "physically attacked . . . with a sharp metal object." Pet.'s Resp. Doc. 22.

The Court observes that Magistrate Judge Rueter exhaustively and adequately analyzed this particular argument in the Report and Recommendation. Report and Recommendation 7–9, Doc. 18. The Court agrees with Magistrate Judge Rueter's analysis and simply bolsters Magistrate Judge Rueter's analysis by noting that Petitioner's argument in this case mirrors the unsuccessful argument of the petitioner in *Pugh v. Mechling*. No. CIV.3:CV-04-448, 2006 WL 931868 (M.D. Pa. Apr. 11, 2006).

In *Pugh*, then-Chief District Court Judge Vanaskie rejected a habeas petitioner's argument that the court should have applied equitable tolling to his petition and treat his petition as timely because the petitioner had been mentally incapacitated for some time by his use of "high power psychotropic medications" that were used to treat his "serious mental diseases." 2006 WL 931868, at *3. In concluding that equitable tolling was not warranted, the court noted that the "[e]quitable tolling of the limitations period is to be used sparingly and only in 'extraordinary' and 'rare' circumstances." *Id.* (citing *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006)). "Mental incapacity," the court continued, "is not a *per se* reason to toll a statute of limitations." *Id.* (citing *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001)). The burden rests on a petitioner to establish that he was mentally incapacitated to such a degree that equitable tolling is warranted. *Id.* (citing *Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002)).

When considering a petitioner's argument in favor of applying equitable tolling based on mental incapacity, courts consider "whether the petitioner has been adjudicated incompetent, and if so, when in relation to the habeas statutory period; whether petitioner has been institutionalized for his/her mental impairment; whether petitioner has handled or assisted in other legal matters which required action during the limitations period; and whether petitioner's allegations of impairment are supported by extrinsic evidence such as evaluations and/or medication." *Pugh*, 2006 WL 931868, at *4 (quotations omitted) (quoting *Griffin v. Stickman*, No. 04-975, 2004 WL 1821142, at *6 (E.D. Pa. Aug. 11, 2004)).

Here, Petitioner has not carried his burden of showing that equitable tolling should apply based on mental incapacity. Petitioner has not presented evidence that he has been adjudicated mentally incapacitated, nor has he presented evidence that any such mental incapacitation occurred during a time relevant to his habeas petition. Petitioner has not presented evidence that he had been institutionalized in any mental health facility during a time relevant to his habeas petition. Petitioner has not presented evidence of other mental evaluations or medical evaluations that would call his mental capacity into question. *See also* Report and Recommendation 8–9, Doc. 18 (discussing the dearth of support for Petitioner's argument that he was mentally incapacitated to such a degree that equitable tolling would be warranted).

In short, the Court agrees with the well-reasoned analysis of Magistrate Judge Rueter and rejects Petitioner's argument in favor of equitable tolling on grounds of mental incapacity.